UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JONATHAN NETTLES,

               Plaintiff,

v.

ERIK SKABARDIS, *et al.*,

               Defendants.

_____/

Case No. 1:22-cv-10499

Honorable Thomas L. Ludington
United States District Judge

Honorable Patricia T. Morris
United States Magistrate Judge

**OPINION AND ORDER (1) SUSTAINING IN PART PLAINTIFF'S OBJECTION, (2) ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND (3) DISMISSING PLAINTIFF'S COMPLAINT IN PART**

This matter is before this Court on Plaintiff's objection to United States Magistrate Judge Patricia T. Morris's report and recommendation ("R&R") to dismiss Plaintiff's complaint in part. ECF No. 10. For the reasons stated hereafter, Plaintiff's objection will be sustained in part, Judge Morris's R&R will be adopted in part, and Plaintiff's complaint will be dismissed in part.

**I.**

In April 2019, Plaintiff Jonathan Nettles was arrested after his spouse accused him of sexually abusing his daughter. ECF No. 7 at PageID.18–20. Two years later, he was acquitted.[1] *Id.* at PageID.18. Since then, Plaintiff has brought this *pro se* action and two others against the officials involved in his arrest and prosecution.[2] *See Nettles v. Bruno*, No. 1:22-CV-10535 (filed Mar. 14, 2022); *Nettles v. Duffett*, No. 1:22-CV-10615 (filed Mar. 22, 2022). This case concerns Plaintiff's

---

[1] The exact nature of Plaintiff's criminal case—including the charge—remains unclear.
[2] This case and the two others might be good candidates for consolidation at some point. *See* FED. R. CIV. P. 42(a) ("If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.").

allegations against Bridgeport Township Police Sergeant Erik Skabardis and Saginaw County Assistant Prosecutors Christina Walsh, Jolina O'Berry, and Brooke Kozlowski. ECF No. 7 at PageID.16–17.

Although lacking in detail, Plaintiff's amended complaint provides the basic facts.[3] In August 2018, Sergeant Skabardis and two other officers allegedly broke into Plaintiff's home, "forced [him] to the ground," and "arrested [him]." *Id.* at PageID.19. While Plaintiff was handcuffed, Sergeant Skabardis allegedly "choked [him] with both hands." *Id.* Plaintiff was released three days later without charge. *Id.* Plaintiff claims that Bridgeport Township Police Chief David Duffett sent the officers to Plaintiff's home as a favor for Plaintiff's spouse, who is friends with Duffett. *Id.* While Plaintiff gives little additional background, he seems to imply that the arrest was part of his spouse's plan to "set [him] up" for sexual abuse. *Id.*

Two weeks after the arrest, Plaintiff's spouse filed for divorce and accused him of sexually abusing his daughter. *Id.* Sergeant Skabardis then returned to Plaintiff's home with an allegedly ill-gotten search warrant and "illegally seized and searched [his] personal belongings." *Id.* Several months after the search, investigators discovered a sexually explicit image of a child on a CD seized from Plaintiff's home. *Id.* Plaintiff was then arrested and held without bond until trial. *Id.*

Plaintiff alleges that Sergeant Skabardis violated his constitutional rights by using excessive force and arresting him without probable cause. *Id.* He also claims that Sergeant

---

[3] This Court must liberally construe Plaintiff's complaint and accept all well-pleaded factual allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citation omitted))); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Skabardis violated his rights under *Franks v. Delaware*, 438 U.S. 154 (1978).[4] *Id.* As for the prosecutors, Plaintiff accuses them of prosecuting him based on his sex, thus violating his rights under the Equal Protection Clause. *Id.* at PageID.19–20. Plaintiff also alleges the violation of his due-process rights, but he does not specify which Defendants violated those rights or how. *Id.* at PageID.17. Plaintiff has sued Defendants in their individual and official capacities. *Id.* at PageID.16–17.

Because Plaintiff is proceeding *in forma pauperis*, ECF No. 5, Judge Morris has screened his complaint for frivolous and otherwise improper claims, *see* 28 U.S.C. § 1915(e)(2) ("[T]he court shall dismiss [an *in forma pauperis*] case at any time if the court determines that— . . . (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."). Judge Morris recommends that this Court "(1) dismiss all claims against Walsh, O'Berry, and Kozlowski; (2) dismiss all official capacity claims against Skabardis, and (3) dismiss any Due Process claims against Skabardis." ECF No. 8 at PageID.23. Plaintiff objects to the dismissal of his official-capacity claims against Skabardis. ECF No. 9.

Having reviewed the parties' briefing, this Court finds that a hearing is unnecessary and will proceed to decide Plaintiff's objection on the papers. *See* E.D. Mich. LR 7.1(f)(2).

## II.

Under Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's R&R. *See* FED. R. CIV. P. 72(b)(2). If a party objects, then "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly

---

[4] In *Franks*, the Supreme Court recognized "a defendant's right to challenge the sufficiency of an executed search warrant by attacking the veracity of the affidavit supporting the warrant." *United States v. Fowler*, 535 F.3d 408, 415 (6th Cir. 2008).

objected to." FED. R. CIV. P. 72(b)(3). The parties must state any objections with specificity within a reasonable time. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). And they cannot "raise at the district court stage new arguments or issues that were not presented" before the magistrate judge's final R&R. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

When reviewing an R&R *de novo*, this Court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing that evidence, this Court may accept, reject, or modify the magistrate judge's findings and recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, No. 1:20-CV-11290, 2021 WL 4145771, at *2 (E.D. Mich. Sept. 13, 2021).

"[T]he failure to object to a magistrate judge's Report and Recommendation results in a waiver of appeal on that issue as long as the magistrate judge informs the parties of the potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) (first citing *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); and then citing *Thomas v. Arn*, 474 U.S. 140, 155, (1985)).

## III.

Judge Morris recommends that Plaintiff's official-capacity claims should be dismissed because (1) "an official capacity claim against a government official is really a claim against the entity the official represents," ECF No. 8 at PageID.33 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)); and (2) Plaintiff has not alleged an unconstitutional "policy or custom" for which Bridgeport Township could be liable, *id.* Plaintiff argues that this recommendation is erroneous because Chief Duffett ordered the August 2018 arrest, and Chief Duffett is the "chief policymaker" for the Bridgeport Police Department. ECF No. 9 at PageID.39–40. Plaintiff's reasoning is persuasive.

"A plaintiff raising a municipal liability claim under § 1983 must demonstrate that the alleged federal violation occurred because of a municipal policy or custom." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). There are several ways that a plaintiff can establish an unconstitutional policy or custom. *Id.* One way is to show that "an official with final decision making authority ratified illegal actions." *Id.* (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)); *see also Pembaur v. City of Cincinnati*, 475 U.S. 469, 484 (1986) (holding that municipality could be held liable for prosecutor's decision "command[ing]" officers to forcibly enter clinic); *Stillwagon v. City of Delaware*, 175 F. Supp. 3d 874, 904 (S.D. Ohio 2016) ("A police chief is often an official with final decision making authority.").

Plaintiff alleges that Chief Duffett "direct[ed]" Sergeant Skabardis and the other officers to arrest Plaintiff to help Plaintiff's spouse. ECF No. 7 at PageID.19. Judge Morris did not address this allegation in her R&R. Drawing all reasonable inferences in Plaintiff's favor, Chief Duffett's involvement provides a plausible ground for municipal liability. *See Pembaur*, 475 U.S. at 484.

Still, Plaintiff's allegations are not specific enough to cover all his official-capacity claims. At most, Plaintiff has alleged Chief Duffett directed his officers to enter Plaintiff's home and arrest him without probable cause. *See id.* Plaintiff has not, however, alleged any facts connecting Chief Duffett to Sergeant Skabardis's use of force or any other conduct. *See id.* This Court may not assume that Chief Duffett knew that his officers would use excessive force merely because he directed them to make an illegal arrest. *See Feliciano v. City of Cleveland*, 988 F.2d 649, 656 (6th Cir. 1993) ("Ratification of a subordinate's action requires more than acquiescence—it requires affirmative approval . . . ."). Accordingly, Plaintiff's objection will be sustained, but only as to his claim for false arrest stemming from the August 2018 arrest.

- 5 -

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's Objection, ECF No. 9, is **SUSTAINED IN PART**.

Further, it is **ORDERED** that Magistrate Judge Morris's Report and Recommendation, ECF No. 8, is **ADOPTED IN PART**.

Further, it is **ORDERED** that (1) Plaintiff's claims against Walsh, O'Berry, and Kozlowski; (2) Plaintiff's official-capacity claims against Sergeant Skarbardis, except for his false-arrest claim for his August 2018 arrest; and (3) any due-process claim against Sergeant Skarbardis, are **DISMISSED**.

**This is not a final order and does not close the case.**


Dated: July 29, 2022                                  s/Thomas L. Ludington
                                                      THOMAS L. LUDINGTON
                                                      United States District Judge