UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JONATHAN NETTLES,

          Plaintiff,          Case No. 1:22-cv-10499

v.          Honorable Thomas L. Ludington
          United States District Judge

ERIK SKABARDIS, et al.,

          Honorable Patricia T. Morris
          Defendants.          United States Magistrate Judge
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT BRUNO'S MOTION TO DISMISS, AND DISMISSING DEFENDANT BRUNO**

In April 2019, Plaintiff Jonathan Nettles was arrested after for abusing his daughter. *See Michigan v. Nettles*, 19-046190-FC (Mich. 10th Cir. Saginaw Cnty.). Although Plaintiff was eventually acquitted of those charges, *id.*, his parental rights were terminated because he pled no contest to the allegations of abuse in the termination of parental rights action. *See* ECF No. 30-2 at PageID.146.

In March 2022, Plaintiff filed three lawsuits related to his arrest and parental rights, including one against Defendant Tammy Bruno, a Children's Protective Services (CPS) employee.[1] *See Nettles v. Bruno*, No. 1:22-CV-10535 (E.D. Mich. Mar. 14, 2022), ECF No. 1. All three lawsuits were consolidated for involving the same set of operative facts. ECF No. 14. Plaintiff alleged Defendants engaged in a civil conspiracy to arrest him falsely, to prosecute him maliciously, and to violate *Franks v. Delaware*. Plaintiff further alleged Defendants violated his rights to due process and equal protection under the Fourteenth Amendment.

---

[1] Plaintiff's other two complaints sued Bridgeport Township Police Department employees, Saginaw County Prosecutor's Office employees, and other CPS employees.

In August 2022, Defendant Michigan Department of Health and Human Services was dismissed from the case, and the official-capacity claims against Defendants Bruno and Johnson were dismissed. *See Bruno*, 1:22-CV-10535 (E.D. Mich. Aug. 2, 2022), ECF No. 9. And all Plaintiff's equal-protection, *Franks*, false-arrest, and malicious-prosecution claims were dismissed, "except to the extent that those claims are premised on a civil conspiracy." *Id.* Thus, the only claim remaining against Defendant Bruno is Plaintiff's civil-conspiracy claim. *See Bruno*, 1:22-CV-10535 (E.D. Mich. April 1, 2022), ECF No. 7.

On October 18, 2022, Bruno filed a motion to dismiss Plaintiff's civil-conspiracy claim, advancing four arguments. ECF No. 30. According to Bruno, Plaintiff's claims were barred by the *Rooker–Feldman* Doctrine, *res judicata*, and collateral estoppel. *Id.* at PageID.120–29. She also argued this Court should dismiss Plaintiff's claims because she was entitled to absolute immunity and qualified immunity. *Id.* at PageID.129–36. Plaintiff filed a response reasserting his claims against Bruno but did not directly respond to her legal arguments. ECF No. 32.

On December 22, 2022, Magistrate Judge Patricia T. Morris issued a report recommending that Bruno's Motion to Dismiss be granted and that Bruno be dismissed from the case. ECF No. 55 at PageID.351. Plaintiff filed objections, which are now before this Court. *See* ECF No. 57.

When a party objects to a magistrate judge's report, the court must review *de novo* those portions of the report to which Plaintiff has properly objected. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). To that end, the court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court may accept, reject, or modify the magistrate judge's findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, 585 F.Supp.3d 1014, 1017–18 (E.D. Mich. 2021). If the court will adopt the report, then it may simply "state that it engaged in a de novo review of

the record and adopts the report and recommendation" without "stat[ing] with specificity what it reviewed." *United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005) (first citing *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002); and then citing 12 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3070.2 (2d ed. 1997)), *aff'd*, 290 F. App'x 769 (6th Cir. 2008); *e.g.*, *Hereford v. Warren*, 486 F. Supp. 2d 659, 660–61 (E.D. Mich. 2007), *rev'd and remanded on other grounds*, 536 F.3d 523 (6th Cir. 2008).

This Court has reviewed Plaintiff's Complaint, *Nettles v. Bruno*, No. 1:22-CV-10535 (E.D. Mich. Mar. 14, 2022), ECF No. 1, Defendant's Motion to Dismiss, ECF No. 30, Plaintiff's Response, ECF Nos. 32; 33, Defendant's Reply, ECF No. 43, Judge Morris's report, ECF No. 55, Plaintiff's Objections, ECF No. 57, and all other applicable filings. Having conducted this *de novo* review, this Court concludes that Judge Morris's factual conclusions are correct and her legal reasoning sound.

Accordingly, it is **ORDERED** that Plaintiff's Objections, ECF No. 57, are **OVERRULED**.

Further, it is **ORDERED** that the Magistrate Judge's Report and Recommendation, ECF No. 55, is **ADOPTED**.

Further, it is **ORDERED** that Defendant Bruno's Motion to Dismiss, ECF No. 30, is **GRANTED**.

Further, it is **ORDERED** that Defendant Bruno is **DISMISSED WITH PREJUDICE** from Plaintiff's Complaint.

**This is a final order but does not close the above-captioned case.**

Dated: April 18, 2023    s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge