UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JONATHAN NETTLES,

        Plaintiff,                            Case No. 1:22-cv-10499

v.                                            Honorable Thomas L. Ludington
                                                United States District Judge

ERIK SKABARDIS, et al.,

                                                Honorable Patricia T. Morris
        Defendants.                    United States Magistrate Judge
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT JOHNSON'S MOTION TO DISMISS, AND DISMISSING DEFENDANT JOHNSON**

In April 2019, Plaintiff Jonathan Nettles was arrested after for abusing his daughter. *See Michigan v. Nettles*, No. 19-046190-FC (Mich. 10th Cir. Saginaw Cnty.). Although Plaintiff was eventually acquitted of those charges, *id.*, his parental rights were terminated because he pled no contest to the abuse allegations in the termination proceeding. *See* ECF No. 63-1 at PageID.437.

In March 2022, Plaintiff filed three lawsuits related to his arrest and parental rights, including one against Defendant Melissa Johnson, a Children's Protective Services (CPS) investigator.[1] *See Nettles v. Bruno*, No. 1:22-CV-10535 (E.D. Mich. Mar. 14, 2022), ECF No. 1. All three lawsuits were consolidated for involving the same set of operative facts. ECF No. 14. Plaintiff alleged Defendants engaged in a civil conspiracy to arrest him falsely, to prosecute him maliciously, and to violate *Franks v. Delaware*, 438 U.S. 154 (1978). Plaintiff further alleged Defendants violated his Fourteenth Amendment rights to due process and equal protection.

---

[1] Plaintiff also sued Bridgeport Township Police Department employees, Saginaw County Prosecutor's Office employees, and other CPS employees. *See Nettles v. Duffett*, No. 1:22-CV-10615 (E.D. Mich. Mar. 22, 2022), ECF No. 1; *Nettles v. Bruno*, No. 1:22-CV-10535 (E.D. Mich. Mar. 14, 2022), ECF No. 1.

In August 2022, Defendant Michigan Department of Health and Human Services was dismissed from the case, and the official-capacity claims against Defendants Bruno and Johnson were dismissed. *See Bruno*, No. 1:22-CV-10535 (E.D. Mich. Aug. 2, 2022), ECF No. 9. And all Plaintiff's equal-protection, *Franks*, false-arrest, and malicious-prosecution claims were dismissed, "except to the extent that those claims are premised on a civil conspiracy." *Id.* As was Defendant Bruno. *Nettles v. Skabardis*, No. 1:22-CV-10499, 2023 WL 2991652, at *2 (E.D. Mich. Apr. 18, 2023). Thus, the only claim remaining against Defendant Johnson is Plaintiff's civil-conspiracy claim. *See Bruno*, No. 1:22-CV-10535 (E.D. Mich. April 1, 2022), ECF No. 7.

On January 31, 2023, Johnson filed a motion to dismiss Plaintiff's civil-conspiracy claim. ECF No. 63. According to Johnson, Plaintiff's claims are barred by the *Rooker–Feldman* Doctrine, *res judicata*, and collateral estoppel. *Id.* at PageID.413–23. She also argued Plaintiff's claims should be dismissed due to absolute and qualified immunity. *Id.* at PageID.423–30. Plaintiff opposed all those arguments. ECF No. 67 at PageID.475–79.

On March 16, 2023, Magistrate Judge Patricia T. Morris issued a report recommending that Johnson's Motion to Dismiss be granted and that he be dismissed from the case. ECF No. 70 at PageID.516. Plaintiff filed objections. *See* ECF Nos. 71; 72; 73.

When a party objects to a magistrate judge's report, the court must review *de novo* those portions of the report to which the party has properly objected. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). To that end, the court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court may accept, reject, or modify the magistrate judge's findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, 585 F.Supp.3d 1014, 1017–18 (E.D. Mich. 2021). If the court will adopt the report, then it may simply "state that it engaged in a de novo review of

the record and adopts the report and recommendation" without "stat[ing] with specificity what it reviewed." *United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005) (first citing *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002); and then citing 12 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3070.2 (2d ed. 1997)), *aff'd*, 290 F. App'x 769 (6th Cir. 2008); *e.g.*, *Hereford v. Warren*, 486 F. Supp. 2d 659, 660–61 (E.D. Mich. 2007), *rev'd and remanded on other grounds*, 536 F.3d 523 (6th Cir. 2008).

This Court has reviewed Plaintiff's Complaint, *Nettles v. Bruno*, No. 1:22-CV-10535 (E.D. Mich. Mar. 14, 2022), ECF No. 1, Defendant's Motion to Dismiss, ECF No. 63, Plaintiff's Response, ECF No. 67, Defendant's Reply, ECF No. 68, Judge Morris's Report, ECF No. 70, Plaintiff's Objections, ECF Nos. 71; 72; 73, Defendant's Response to Plaintiff's Objections, ECF No. 74, and all other applicable filings. Having conducted this *de novo* review, this Court concludes that Judge Morris's factual conclusions are correct and that her legal reasoning is sound.

Accordingly, it is **ORDERED** that Plaintiff's Objections, ECF Nos. 71; 72; 73, are **OVERRULED**.

Further, it is **ORDERED** that the Magistrate Judge's Report and Recommendation, ECF No. 70, is **ADOPTED**.

Further, it is **ORDERED** that Defendant Johnson's Motion to Dismiss, ECF No. 63, is **GRANTED**.

Further, it is **ORDERED** that Defendant Johnson is **DISMISSED WITH PREJUDICE**.

**This is a final order but does not close the above-captioned case.**

Dated: April 20, 2023                                  s/Thomas L. Ludington
                                                       THOMAS L. LUDINGTON
                                                       United States District Judge