**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

JONATHAN NETTLES,

   *Plaintiff,*

v.

ERIK SKABARDIS and
DAVID DUFFETT,

   *Defendants.*

_____/

Case No. 1:22-cv-10499

Thomas L. Ludington
United States District Judge

Patricia T. Morris
United States Magistrate Judge

**ORDER GRANTING DEFENDANTS' MOTION FOR**
**TIMELY FILED EXPERT DISCLOSURES (ECF No. 82)**

Plaintiff filed this civils rights actions *in forma pauperis* under 42 U.S.C. §

1983 alleging violations of his Fourth and Fourteenth Amendment rights.[1]  (ECF

No. 1).  On May 8, 2023, the Court issued a scheduling order directing the parties to

exchange their Expert Witness Disclosures on or before January 19, 2024.  (ECF

No. 81, PageID.592).  The Scheduling order dictates that "[d]isclosures under Rule

26(a)(1) and (2)(B), and the corresponding discovery requests and responses, **must**

---

[1] Plaintiff alleges a series of Fourth Amendment violations (i.e., illegal search and
seizure, false arrest, excessive force, "*Franks* violations," and malicious prosecution), and
Fourteenth Amendment (i.e., Equal Protection and Due Process).  (ECF No. 7, PageID.17–
19).

**not be filed** until they are used in proceedings or the Court orders them to be filed

pursuant to LR 26.2." (*Id.* at 592–93) (emphasis added).

Defendants provided Plaintiff with their expert disclosures on January 22,

2024.[2]  (ECF No. 82, PageID.609, ¶ 3).  Plaintiff objected to Defendants' expert

disclosures as untimely because they were sent three calendar days after the court-

ordered deadline. (*Id.* at PageID.609, ¶ 4; ECF No.82-2, PageID.617).  On January

30, 2024, Defendants filed a Motion to Find their Expert Disclosures were Timely

Made, pursuant to Fed. R. Civ. P. 6(b),  requesting the Court issue an order accepting

Defendants' expert disclosures as timely.  (ECF No. 82, PageID.611).  In their

motion, Defendants highlight that the main expert identified in their January 22

Expert Disclosures, Brian Pitt, was included in their September 13, 2023 preliminary

expert witness list.  (*Id.* at PageID.609, ¶ 7).  The expert was also listed in Plaintiff's

preliminary witness list as an expert in digital forensic analysis.  (*Id.* at PageID.609,

¶ 8).  And Plaintiff received the expert's curriculum vitae in response to his

document request.  (*Id.* at PageID.610, ¶ 9).

First, I address the contention that the expert disclosures were due to be filed

on or before January 19, 2024.  (ECF No. 83, PageID.637).  The Scheduling Order

states that the expert witness disclosures were due on January 19, 2024, but they

---

[2] Defendants repeatedly state that their expert disclosures were sent to Plaintiff on
January 20, 2024 (ECF No. 82, PageID.609 ¶¶ 3, 4), but their exhibits demonstrate the
disclosures were sent on Monday, January 22, 2024 (ECF No. 82-2, PageID.617).

were not to be filed "until they are used in the proceedings or the Court orders them to be filed pursuant to LR 26.2." (ECF No. 81, PageID.593). To date, the disclosures have not been used in any court proceedings nor has the Court ordered them to be filed. Thus, Defendants have not missed a Court filing deadline. As such, the Court cannot grant Defendants' request to find Defendants' expert disclosures were timely filed. Moreover, granting such a request would be disingenuous as while the disclosures are attached as exhibits to Defendants' moving papers, to date they have not been filed on the docket.

Next, I address Defendants' late service of the expert disclosures. Although the Scheduling Order does not dictate a deadline to file the disclosures with the Court, Defendants were required to serve the disclosures on Plaintiff on January 19. (ECF No. 81, PageID.593). Defendants acknowledge the expert disclosures were served one business day after the service deadline. (ECF No.82, PageID.609 ¶¶ 3, 4; ECF No. 82 PageID.61). Plaintiff objected to the tardy service, but did nothing more. (ECF No. 83, PageID.637 ¶ 4). Thus, the relief that Defendants seek is in essence an order from the Court finding their expert disclosures were timely served. (*Id.* at PageID.611).

Fed. R. Civ. P. 6(b)(1)(B) states that

(1) In general. When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(B) on motion made after the time has expired if the party failed to act

because of excusable neglect.

The controlling legal standard for evaluating proclaimed evidence of excusable

neglect necessitates the balancing of five factors: "(1) the danger of prejudice to the

nonmoving party, (2) the length of the delay and its potential impact on the judicial

proceedings, (3) the reason for the delay, (4) whether the delay was within the

reasonable control of the moving party, and (5) whether the late-filing party acted in

good faith." *Dealer Computer Services, Inc. v. Dale Spradley Motors, Inc.*, No. 11-

11853, 2011 WL 4737586, at *1 (E.D. Mich. Oct. 5, 2011).

First, both parties admit they were aware of Brian Pitt's potential involvement

as an expert in the case as early as September 2023.  (ECF No. 82, PageID.609–10;

ECF No. 83, PageID.637).  In fact, Plaintiff identified Mr. Pitt as a potential witness

in his case in his preliminary witness list.  (ECF No. 83, PageID.637).  This fact

demonstrates that while untimely this late filing did not prejudice Plaintiff.

Second, the delay was negligible as Defendants served the disclosures the next

business day (i.e., the following Monday), and Plaintiff was aware of Mr. Pitt's

potential involvement in the case.  *Doe v. U.S. Attorney, General*, No. 2:23-CV-

10053-TBG-JJCG, 2024 WL 69809, at * 3 (E.D. Mich. Jan. 5, 2024); *United States

v. Driver*, No. 11-cr-20219, 2016 WL 6276907, at *1 (E.D. Mich. Oct. 27, 2016).

Third, Defendants presented a reasonable explanation for the delay (i.e., the deadline

was incorrectly calendared).  (ECF No. 82, PageID.612).  While this mistake is not excusable, the delay of one business day is reasonable.  This factor also weighs in Defendants' favor.

Fourth, as it was Defendants' mistake of calendaring the incorrect date that resulted in the delay, the reasonable control factor weighs in favor of Plaintiff.  Last, the Court finds no malice or ill will behind Defendants' actions and Plaintiff has identified none.  Thus, this factor weighs in favor of Defendants.

In summary, the Court finds that the factors suggest Defendants should not be penalized for the late service of their expert disclosures.  For the reasons discussed above, Defendants' Motion (ECF No. 82) is **GRANTED**.

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

**IT IS SO ORDERED**.

Date: February 7, 2024                                    S/ PATRICIA T. MORRIS
                                                          Patricia T. Morris
                                                          United States Magistrate Judge