UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JONATHAN NETTLES,

        Plaintiff,                    Case No. 1:22-cv-10499

v.                                        Honorable Thomas L. Ludington
                                            United States District Judge

ERIK SKABARDIS, et al.,

                                            Honorable Patricia T. Morris
        Defendants.             United States Magistrate Judge
_____/

**OPINION AND ORDER OVERRULING OBJECTION TO MAGISTRATE JUDGE'S NONDISPOSITIVE ORDER AND AFFIRMING ORDER**

Plaintiff Jonathan Nettles has objected to a February 2024 order in which Magistrate Judge Patricia T. Morris resolved a nondispositive discovery dispute. As explained below, Plaintiff's objection will be overruled because Judge Morris's order shows no clear error.

**I.**

In April 2019, Plaintiff Jonathan Nettles was arrested for abusing his daughter. *See Michigan v. Nettles*, No. 19-046190-FC (Mich. 10th Cir. Saginaw Cnty.). Although Plaintiff was eventually acquitted of those charges, *id.*, his parental rights were terminated because he pled no contest to the abuse allegations in the termination proceeding. *See* ECF No. 63-1 at PageID.437.

In March 2022, Plaintiff filed three lawsuits related to his arrest and parental rights, including one against Defendant Melissa Johnson, a Children's Protective Services (CPS) investigator.[1] *See Nettles v. Bruno*, No. 1:22-CV-10535 (E.D. Mich. Mar. 14, 2022), ECF No. 1.

---

[1] Plaintiff also sued Bridgeport Township Police Department employees, Saginaw County Prosecutor's Office employees, and other CPS employees. *See Nettles v. Duffett*, No. 1:22-CV-10615 (E.D. Mich. Mar. 22, 2022), ECF No. 1; *Nettles v. Bruno*, No. 1:22-CV-10535 (E.D. Mich. Mar. 14, 2022), ECF No. 1.

All three lawsuits were consolidated for involving the same set of operative facts. ECF No. 14. Plaintiff alleged Defendants engaged in a civil conspiracy to arrest him falsely, to prosecute him maliciously, and to violate *Franks v. Delaware*, 438 U.S. 154 (1978). *See* ECF No. 1. Plaintiff further alleged Defendants violated his Fourteenth Amendment rights to due process and equal protection. *See id.* After several motions to dismiss were resolved, *see* ECF Nos. 12; 77; 79, only Defendants Erik Skabardis and David Duffett remain, and both are represented by the same law firm. *See* ECF Nos. 23; 76.

On May 8, 2023, Judge Morris issued a Scheduling Order, which included an expert disclosure deadline of January 19, 2024. ECF No. 81 at PageID.592. Despite this deadline, Defendants did not provide their expert disclosures to Plaintiff until January 22, 2024—three days beyond the deadline. *See* ECF No. 82-2 at PageID.617. Plaintiff informed Defendants he planned to "object to the untimely submission," *id.*, so Defendants filed a motion seeking "an order accepting as timely Defendants['] Expert Disclosures." ECF No. 82 at PageID.610. Plaintiff opposed Defendants' Motion. ECF No. 83. On February 7, 2024, Magistrate Judge Patricia T. Morris issued an Order granting Defendants' Motion, finding that Plaintiff had known of Defendants' expert since September 2023 and that Defendants demonstrated excusable neglect to justify the three-day delay. ECF No. 84. Accordingly, Judge Morris accepted Defendants' Expert Disclosures as filed. *Id.* Plaintiff immediately filed an "appeal" seeking to reverse Judge Morris's order, which will be construed as an objection. ECF No. 85.

## II.

"The Magistrate Judge's order[s] resolved a nondispositive discovery dispute." *Cratty v. City of Allen Park*, No. 2:17-CV-11724, 2018 WL 3983806, at *1 (E.D. Mich. June 14, 2018) (citing *Baker v. Peterson*, 67 F. App'x 308, 311 (6th Cir. 2003) (per curiam) (unpublished)).

Therefore, this Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A); *see also* 12 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3069 (3d ed. 2022) ("In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge."). "A finding is 'clearly erroneous' [if] the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948)); *see also Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence . . . [the] choice between them cannot be clearly erroneous."). A legal conclusion is reviewed *de novo* and is contrary to law if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *United States v. Winsper*, No. 3:08-CV-00631, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)).

If the district court will affirm the magistrate judge's order, then it may simply identify the parts of the record that it reviewed and state that it found no clear error. *E.g.*, *Nettles v. Edgar*, No. 1:22-CV-00119, 2022 WL 16551462, at *1 (W.D. Mich. Oct. 31, 2022); *Odom v. Hill*, No. 1:21-CV-00403, 2022 WL 4115425, at *1–2 (W.D. Mich. Sept. 9, 2022); *Faber v. Smith*, No. 1:19-CV-00024, 2019 WL 5684490, at *1 (W.D. Mich. Nov. 1, 2019); *Ramsey v. Smith*, No. 1:13-CV-01210, 2017 WL 4038111, at *1 (W.D. Mich. Sept. 13, 2017); *cf. United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005) (applying the same standard to the adoption of a magistrate judge's report and recommendation) (first citing *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002); and then citing 12 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3070.2 (2d ed. 1997)), *aff'd*, 290 F. App'x 769 (6th Cir. 2008); *e.g.*, *Hereford v. Warren*, 486 F.

Supp. 2d 659, 660–61 (E.D. Mich. 2007), *rev'd and remanded on other grounds*, 536 F.3d 523 (6th Cir. 2008).

### III.

This Court has reviewed all relevant filings, including the May 2023 Scheduling Order, ECF No. 81, Defendants' Motion for Timely Filed Expert Disclosures, ECF No. 82, Plaintiff's Response in opposition, ECF No. 83, Judge Morris's Order, ECF No. 84, and Plaintiff's "Appeal of Magistrate Judge Decision," ECF No. 85. Having conducted this *de novo* review, this Court concludes that Judge Morris's factual conclusions are reasonably correct and that her legal reasoning is sound.

In sum, this Court finds no clear error in the Magistrate Judge's decision to grant Defendants' Motion for Timely Filed Expert Disclosures. *See* ECF Nos. 82; 84. The Magistrate Judge applied the appropriate law and reasonably concluded that Defendants' actions amounted to excusable neglect such that their three-days-late expert disclosures should be accepted as filed. *See* ECF No. 84 at PageID.646–47. Accordingly, Plaintiff's Objection will be overruled, and the Magistrate Judge's Order will be affirmed.

### IV.

Accordingly, it is **ORDERED** that Plaintiff's Objection, ECF No. 85, is **OVERRULED**.

Further, it is **ORDERED** that Judge Morris's Order Granting Defendants' Motion for Timely Filed Expert Disclosures, ECF No. 84, is **AFFIRMED**.

**This is not a final order and does not close the above-captioned case**.

Dated: August 8, 2024                              s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge