UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JONATHAN NETTLES,

                Plaintiff,                                    Case No. 1:22-cv-10499

v.                                                               Honorable Thomas L. Ludington
                                                                      United States District Judge

ERIK SKABARDIS, et al.,

                                                                      Honorable Patricia T. Morris
               Defendants.                            United States Magistrate Judge
_____/

**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS, (2) ADOPTING REPORT AND RECOMMENDATION, (3) GRANTING DEFENDANTS SKARDBADIS AND DUFFETS' MOTION FOR SUMMARY JUDGMENT, (4) DENYING PLAINTIFF'S MOTION TO DEEM REQUESTS ADMITTED AS MOOT, AND (5) DISMISSING PLAINTIFF'S COMPLAINT**

In April 2019, Plaintiff Jonathan Nettles was arrested for abusing his daughter. *See Michigan v. Nettles*, No. 19-046190-FC (10th Cir. Saginaw Cnty., Mich.). Although Plaintiff was eventually acquitted, *id.*, his parental rights were terminated because he pled no contest to the abuse allegations in the termination proceeding. *See* ECF No. 63-1 at PageID.437.

In March 2022, Plaintiff filed three lawsuits related to his arrest and parental rights, including one against Defendants Erik Skabardis and David Duffett of the Bridgeport Township Police Department. *See* ECF Nos. 1; 14. All three lawsuits were consolidated because they involved the same operative facts. ECF No. 14. And these lawsuits were referred to Magistrate Judge Patricia T. Morris for all pretrial matters. *See* ECF No. 4.

Because all other Defendants have been dismissed, Defendants Skarbadis and Duffett remain the only two in this case. *See* ECF Nos. 12; 79. The facts—as they relate to Defendants Skabardis and Duffett—are succinctly summarized as follows:

Nettles' relevant involvement with the Bridgeport Township Police Department ("PD") began on July 14, 2018, when his then wife Paris Nettles reported that Nettles had abused her. At the time, the couple was in the midst of a contentious divorce. The Saginaw County Prosecutor's Office issued misdemeanor domestic violence charges against Nettles on July 18, 2018.

On August 28, 2018, Paris notified PD that she was unable to enter her home because Nettles had changed the locks. Officers, including Skabardis, went to the home and found probable cause to arrest Nettles for a bond violation. Nettles was released without being charged given the couple's dispute over who was currently living in the home. Officers returned to the home on August 31, 2018, following a report that Nettles was there. Officers informed Paris that neither the prosecutor nor the state court judge wanted Nettles to be arrested or charged at that time, but also advised Nettles that if he returned to the home then he would be arrested.

On September 12, 2018, Paris reported to PD that Nettles had sexually assaulted their minor daughter A.N. While reviewing DVDs found in Nettles' safes, Paris discovered an image that she alleged showed Nettles' penis in the mouth of A.N. A.N. was ten years old at the time of Paris' report. Paris gave Duffett and Skabardis the DVD allegedly containing the image as well as additional DVDs and electronics. Duffett secured the evidence, contacted Child Protective Services ("CPS"), and directed his officers to investigate the matter.

Skabardis prepared a search warrant for the items turned over by Paris, and that warrant was reviewed by an assistant prosecutor before being signed by a state court judge on September 28, 2018. The items were sent to the Michigan State Police Computer Crimes Forensic Lab ("MSP") for analysis on October 4, 2018. Around this time, forensic interviews of A.N. and other children were conducted. No child disclosed any abuse during these interviews.

A couple of months later, CPS notified PD that A.N. had disclosed to her school counselor that Nettles had sexually abused her. On December 17, 2018, a second forensic interview of A.N. was conducted. During that interview, A.N. disclosed that when she was eight years old, Nettles put his penis in her mouth on a day when Paris was at work. A.N. said that during this incident, Nettles was holding his cellphone and that she saw a flash come from it. Around this time, MSP completed its review of the items found by Paris and reported that it did not discover any child sexually abusive material ("CSAM").

In March 2019, PD requested that MSP reexamine one item. MSP did so on March 4, 2019, and one thumbnail image of CSAM was discovered. The image was consistent with the one described by Paris. Paris identified the child in the thumbnail image as A.N. and stated that she believed it was Nettles' penis in the image.

A few weeks later, on April 2, 2019, the state court issued a warrant for Nettles' arrest on charges of first-degree criminal sexual conduct, distribution of CSAM, and possession of CSAM, following which Nettles was arrested and proceeded through the criminal process in state court. The criminal proceedings culminated in

> a jury trial that concluded with a non-guilty verdict; and finally on June 30, 2021, the state court entered an order of acquittal on all charges.

ECF No. 106 at PageID.2043–45 (internal citations omitted).

Following screening and decisions on prior dispositive motions, Plaintiff's remaining claims against Defendant Skabardis are for "a series of Fourth Amendment violations[,]" specifically "illegal search and seizure, false arrest, excessive force, and '*Franks* violations.'" ECF No. 13 at PageID.59–60. And Plaintiff's only remaining claim against Defendant Duffett is an official-capacity claim for an alleged false arrest occurring on August 28, 2018. *See* ECF Nos. 10 at PageID.41; 12 at PageID.54–55; 13 at PageID.60.

On March 14, 2024, Plaintiff filed a motion seeking to deem requests for admission that he propounded on Defendants Skabardis and Duffett as admitted, arguing that their responses were insufficient under Civil Rule 36. *See* ECF No. 88. The next day, Defendants Skabardis and Duffett filed a motion for summary judgment. ECF No. 89.

On November 6, 2024, Magistrate Judge Patricia T. Morris issued a report and recommendation (R&R) resolving the Parties' motions. ECF No. 106. First, the R&R recommended that Defendant Skabardis and Duffett's joint Motion for Summary Judgment be granted. *Id.* at PageID.2042. For starters, the R&R concluded that because Plaintiff filed his Complaint on March 7, 2022, his claims against Defendant Skabardis and Duffett predicated on his August 28, 2018 arrest and MSP's March 4, 2019 thumbnail discovery were time-barred by the applicable three-year statute of limitations. *Id.* And although the statute of limitations may be equitably tolled, the R&R concluded that no applicable Michigan law tolls the statute of limitations here. *See id.* at PageID.2049–51 (citing *Roberson v. Macnicol*, 698 F. App'x 248, 250–51 (6th Cir. 2017) ("Having borrowed the state's statute of limitations for the § 1983 claims, we apply the state's tolling rules.")). That left a single timely false arrest claim against Defendant Skabardis

based on Plaintiff's April 2, 2019 arrest. *See id.* at PageID.2051–52. But Defendant Skabardis was not personally involved in effectuating Plaintiff's April 2, 2019 arrest, so Plaintiff's false arrest claim against Defendant Skabardis was not viable. *Id.* at PageID.2052 (citing *Pineda v. Hamilton Cnty.*, 977 F.3d 483, 491 (6th Cir. 2020) (holding that § 1983 "imposes liability only on a defendant who was personally involved in the unconstitutional action")).

Second, the R&R recommended that Plaintiff's Motion to Deem Requests Admitted be denied as moot. *Id.* at PageID.2042. The R&R noted "that Defendants properly responded to Nettles' requests for admissions." *Id.* at PageID.2042, n.1. But at any rate, "even if the requests were deemed admitted, it would not affect" the outcome of the case because they related to claims that the R&R concluded were untimely or extraneous issues, *compare* ECF No. 106 *with* ECF No. 88, so denying the Motion as moot is the most sensible route, ECF No. 106 at PageID.2042, n.1. Finally, because the R&R—if adopted—resolves all remaining Motions and claims, the R&R concluded that this case should be "dismissed in its entirety." *Id.* at PageID.2042.

Plaintiff filed three objections to the R&R. *See* ECF No. 107. First, Plaintiff reargues that his Motion to Deem Requests Admitted should be granted without addressing the R&R's finding that they would not change the outcome here. *Id.* at PageID.2066–70. Second, Plaintiff reargues—and makes new arguments not raised before the magistrate—that his claims the R&R concluded were untimely, were timely. *Id.* at PageID.2070–76. Third, Plaintiff concedes Defendant Skabardis did not effectuate his April 2, 2019 arrest but argues that Defendant Skabardis's conduct led to the arrest, so his false arrest claim should survive. *Id.* at PageID.2077–78.

When a party objects to a magistrate judge's report, the court must review *de novo* those portions of the report to which the party has properly objected. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). To that end, the court must review at least the evidence that was before the magistrate

judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court may accept, reject, or modify the magistrate judge's findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, 585 F.Supp.3d 1014, 1017–18 (E.D. Mich. 2021). If the court will adopt the report without modification, then it may simply "state that it engaged in a de novo review of the record and adopts the report and recommendation" without "stat[ing] with specificity what it reviewed." *United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005) (first citing *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002); and then citing 12 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3070.2 (2d ed. 1997)), *aff'd*, 290 F. App'x 769 (6th Cir. 2008); *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012) ("[T]he district court's statement that it conducted de novo review is deemed sufficient").

This Court has reviewed Plaintiff's Complaint, ECF No. 1; Plaintiff's Motion to Deem Requests Admitted, ECF No. 88; Defendants' Response, ECF No. 92; Defendants' Motion for Summary Judgment, ECF No. 89; Plaintiff's Response, ECF No. 98; Judge Morris's Report, ECF No. 106; Plaintiff's Objections, ECF Nos. 107; Defendants' Response to Plaintiff's Objections, ECF No. 108; 109; and all other applicable filings on the docket. Having conducted this *de novo* review, this Court concludes that Judge Morris's factual conclusions and legal reasoning are correct.

Accordingly, it is **ORDERED** that Plaintiff's Objections, ECF Nos. 107, are **OVERRULED**.

Further, it is **ORDERED** that the Magistrate Judge's Report and Recommendation, ECF No. 106, is **ADOPTED**.

- 6 -

Further, it is **ORDERED** that Defendant Erik Skarbadis and David Duffett's Motion for Summary Judgment, ECF No. 89, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff's Motion to Deem Requests Admitted, ECF No. 88, is **DENIED AS MOOT**.

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

**This is a final order that closes the above-captioned case.**

Dated: March 21, 2025                      s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge